# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHAD FULLER, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>PISTORIUS MACHINE CO., INC., )<br>)<br>Defendant. ) | Case No. 05-6099-CV-W-FJG |

## ORDER

Pending before the Court is Plaintiff's Motion for Remand (Doc.# 9) and Defendant's Motion for Leave to File Surreply (Doc. #12).

## I. BACKGROUND

The present suit was removed to this Court from the Circuit Court of Buchanan County, Missouri, on September 12, 2005. Defendant removed the case on the basis of 28 U.S.C. § 1332 and § 1441, as it alleged the dispute is between citizens of different states and involves an amount in controversy in excess of $75,000. Plaintiffs argue that the case should be remanded because defendant has not met its burden to show that the amount in controversy has been met. In their petition plaintiffs assert claims for product liability and loss of consortium as a result of a workplace accident.

## II. STANDARD

It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied. <u>See</u> <u>generally</u>, <u>Hatridge v. Aetna Cas. & Sur. Co.</u>, 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09 (1941); <u>In re Business Men's Assur. Co. of America</u>, 992 F.2d 181, 183 (8th Cir. 1993). Any technical defect in the

removal procedure requires a remand unless the plaintiff fails to move for a remand within thirty days of removal. In re Amoco Petroleum Additives, Co., 964 F.2d 706, 708 (7th Cir. 1992); Carroll v. Gold Medal of Tennessee, Inc., 869 F.Supp. 745, 746 (E.D.Mo. 1994).

Williams v. Safeco Insur. Co. of America, 74 F.Supp.2d 925, 928 (W.D.Mo. 1999). "Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party." Jeffrey Lake Development Inc. v. Central Nebraska Public Power & Irrigation Dist., No. 7:05CV5013, 2005 WL 2563043, *2 (D.Neb. Oct. 11, 2005), citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,107-09 (1941).

### III. DISCUSSION

The instant case was removed by defendants pursuant to the original jurisdiction of this Court over suits between citizens of different states. 28 U.S.C. §§ 1332, 1441. However, plaintiffs assert that defendant has not demonstrated the requisite amount in controversy. Plaintiffs argue that defendant relies on a demand letter which they sent to defendant to support the amount in controversy with regard to Chad Fuller's claim. However, plaintiffs state that defendant has no evidence showing that Angela Fuller's claim exceeds $75,000.00. Plaintiffs state that because their claims are separate and distinct and each of them must meet the jurisdictional minimum, there is no federal jurisdiction over Angela Fuller's loss of consortium claim. In support of this argument, plaintiffs cite to Zahn v. International Paper Co., 414 U.S. 291, 294-95 (1973).

In opposition defendant argues that removal jurisdiction is proper as to both plaintiffs. With regard to Chad Fuller, defendant states that he is alleging permanent injuries including amputation of his thumb. Additionally, in his petition, Mr. Fuller also

2

alleged that he incurred "substantial amounts of money for medical care and treatment, surgery and therapy, and has lost wages and his earnings capacity has been impaired." (Petition, ¶ 8). Additionally, defendant states that one day before filing the lawsuit, plaintiffs sent to defendant a $500,000 demand letter. With regard to Angela Fuller's claims, defendant argues that the allegations in the Complaint are sufficient to meet the amount in controversy requirement. However, even assuming the Court lacks original jurisdiction over her claims, defendant states that the Court can exercise supplemental jurisdiction over her claims pursuant to 28 U.S.C. § 1367. Defendant notes that the case which plaintiffs cited to, Zahn v. International Paper Co., 414 U.S. 291 (1973) was specifically overruled by Exxon Mobile Corp. v. Allapattah Serv., Inc., 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). In that case the Supreme Court stated,

> [w]hen the well-pleaded complaint in district court includes multiple claims, all part of the same case or controversy, and some, but not all, of the claims are within the court's original jurisdiction, does the court have before it "any civil action of which the district courts have original jurisdiction" ? It does. Under § 1367, the court has original jurisdiction over the civil action comprising the claims for which there is no jurisdictional defect. . . . It follows from this conclusion, that the threshold requirement of § 1367(a) is satisfied in cases, like those now before us, where some, but not all, of the plaintiffs in a diversity action allege a sufficient amount in controversy. We hold that § 1367 by its plain text overruled Clark and Zahn and authorized supplemental jurisdiction over all claims by diverse parties arising out of the same Article III case or controversy, subject only to enumerated exceptions not applicable in the cases now before us.

Id. at 2624- 2625.

To meet its burden of proof to establish that removal is proper, defendant must present specific facts or evidence. See Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004). The evidence may include plaintiff's representations, "including

3

settlement offers by plaintiff exceeding the jurisdictional amount, the plaintiff's refusal to stipulate that she would not demand more than the jurisdictional amount, or an extensive list of serious and disabling injuries suffered by the plaintiff." See Neighbors v. Muha, No. 05-472-CV-W-GAF, 2005 WL 2346968, *2 (W.D.Mo. Sept. 26, 2005) (citing Halsne v. Liberty Mutual Group, 40 F.Supp.2d 1087, 1091 (N.D. Iowa 1999)). In the instant case, defendant attached to its Notice of Removal a copy of plaintiff's $500,000 demand letter. (Doc. # 1, Exhibit A). Additionally, Mr. Fuller has alleged in his petition a serious and disabling injury. Therefore, the Court finds that defendant has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Because the Court has jurisdiction over Chad Fuller's claims, the Court also has supplemental jurisdiction over Angela Fuller's loss of consortium claim as well.

Accordingly, for the above stated reasons, Plaintiff's Motion for Remand is hereby **DENIED** (Doc. # 9).

Defendant had also filed a Motion for Leave to File a Surreply. Defendant attached a copy of the its Surreply to the Motion for Leave to File. The Court has considered the arguments raised in defendant's surreply and plaintiffs filed opposition to the Surreply. Therefore, defendant's Motion for Leave to File the Surreply is hereby **GRANTED** (Doc. # 12).

| | |
|---|---|
| Date: July 21, 2006<br>Kansas City, Missouri | **S/ FERNANDO J. GAITAN, JR.**<br>Fernando J. Gaitan, Jr.<br>United States District Judge |